Leon C. Margulus, Appellant, v. Nathan Mathes, Appellee.

Term No. 49022.

Opinion filed January 19, 1950. Released for publication February 20, 1950.

HARRY FAULKNER, of Granite City, for appellant.

C. C. ELLISON, of Alton, and WHITE, WHITE & WHITE, of St. Louis, Mo., for appellee.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

The plaintiff appellant, Leon C. Margulus, hereafter called plaintiff, brought suit in the city court of the city of Granite City, against the defendant appellee, for damages for breach of an option agreement, which is in the following form:

"For one dollar in, hand received and other valuables I agree to deliver to Leon C. Margulus the property in Alton, Illinois, known as 107 W. 3rd St. with a frontage 25 feet by 90 feet in depth for the sum of Forty-two Thousand Dollars ($42,000) in cash. It is understood this property is under lease for Ten (10) years. This option good for Twenty (20) days from this date." (Dated May 9, 1940, and signed by N. Mathes.)

The case was tried before a jury and resulted in a verdict for plaintiff in the sum of $8,000. The trial court had reserved ruling upon defendant's motion for a directed verdict. After verdict, the defendant renewed his contentions by filing a motion for judgment notwithstanding the verdict, and an alternative motion for new trial.

After hearing the arguments, the trial court allowed the first of these motions and entered judgment for

defendant notwithstanding the verdict. The plaintiff then perfected this appeal.

The facts are undisputed. The defendant signed the option agreement and received the one dollar therein specified. The plaintiff, within the twenty-day period, notified defendant he had elected to exercise his option. The defendant then wrote plaintiff to meet him in the offices of defendant's attorneys on May 29, 1940, at 4:00 p. m. The meeting was held on schedule, and defendant then exhibited a deed to the premises, signed by himself and his wife.

The plaintiff tendered two certified checks aggregating the sum of $42,000 as payment. The defendant examined them and hesitated. It was then after banking hours, and the following two days were bank holidays. The defendant asked his attorney what would happen if the bank certifying the checks failed during the holidays. His attorney advised that the loss would fall on defendant. Defendant then said, "I can't take that chance, I'll have to insist upon the cash." At that the conference broke up. The plaintiff testified that, during the term of the option, he had received a bona fide offer of $50,000 for the property from a person ready, able and willing to buy at that price.

There is no evidence that plaintiff ever tendered the agreed price of $42,000 in cash at any time, and perforce, no evidence that any tender was kept good when suit was filed.

The plaintiff offered to prove that, nine days after the conference above mentioned, he had filed suit against defendant in the circuit court of Madison county, praying specific performance. He presented the original complaint, which contained the allegation that he "has since at all times been and still is, ready, willing and able to pay said sum so tendered, and he offers to bring the same into Court, to be paid to the defendants." The trial court sustained an objection

to the offer and refused to admit the complaint in evidence.

The principal contention of the plaintiff is that the defendant's wife had been reluctant to sign the deed, that the defendant had repented of his contract, that the conversation between him and his attorney about a bank failure was merely an act, and the demand for cash was a subterfuge to avoid the contract. He also points out the defendant admitted that the purpose of putting the words ''in cash'' in the agreement was because he was unwilling to take a mortgage back for any part of the consideration.

██ These arguments are beside the point. The question of law involved is whether an offer to pay the cash portion of the consideration (whether it be all or part of the total) in something other than legal tender, is unobjectionable. The answer is clear. As stated in 40 Am. Jur. (Payment) sec. 40: ''In the absence of an agreement to the contrary, money is the sole medium of payment.'' And in sec. 41: ''It follows that a tender must be made in money or in that which by law passes as money for the payment of debts.'' The rule is well settled that ordinarily a tender of payment by check (even though certified) is not legal tender where objection is made at the time to this form of tender. 23 A. L. R. 1284 and 51 A. L. R. 393.

██ ██ It may be conceded that the defendant could have waived his right to insist upon money as the medium of payment, and that such waiver would be implied if he gave any other reason for refusing the checks, such as a claim that they were not for the correct amount. But it is clear from the evidence that the only objection defendant made was to the checks as such, he insisted upon cash, and this he had a legal right to do, regardless of his motive for standing upon his legal rights. An objection to the medium of payment cannot be disregarded, even though the real motive for refusing the tender is to get rid of the

contract. *DeCamp v. Feay,* 5 Serg. & R. (Pa.) 323, 9 Am. Dec. 372.

It may also be conceded that plaintiff's rights were not terminated by defendant's refusal to accept the checks. He might still have insisted upon a reasonable time to procure the money (see 46 A. L. R. 914) at least through the next banking day, but he made no such demand and has never since made a legal tender of the contract price.

■ The trial court's ruling excluding from evidence the proffered complaint filed in the circuit court, was obviously correct. At best, the complaint was merely plaintiff's self-serving statement made at another time and place. Moreover, the complaint did not purport to show that plaintiff had paid the money into court, or that he had at any other time made a legal tender sufficient in law.

Since the foregoing rules show that plaintiff had no case, it becomes unnecessary for this court to pass upon the point raised by appellee, that plaintiff had failed to produce any competent evidence as to damages.

The judgment of the trial court was correct and is affirmed.

*Judgment affirmed.*

BARDENS, P. J., and CULBERTSON, J., concur.