ISER ELECTRIC COMPANY, Plaintiff-Appellee, *v.* INGRAN CONSTRUCTION CO. *et al.,* Defendants-Appellants.

Second District (1st Division)   No. 75-473

Opinion filed December 21, 1976.

Philip S. Wolin, Joel S. Ostrow, and Richard Merel, all of Chicago, for appellants.

Roy C. Palmer and Dominic J. Mancini, both of Chicago, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiff caused judgment by confession to be entered on a promissory note against the defendant Ingran Construction Co., Inc., as maker and defendant Anthony Jaconetti, the president of the corporation who had personally guaranteed the obligation. The judgment was entered in the amount of $55,501.92 which included principal, interest and attorney's fees. The plaintiff sought to collect the judgment by a garnishment action against the bank purporting to hold funds of Anthony Jaconetti and the defendants filed a petition and supporting affidavit to open the judgment and quash the garnishment proceedings. The trial court denied defendants' petition and granted plaintiff's motion to confirm the judgment in the amount of the principal balance of $49,678.99. Defendants appeal, contending that they have properly alleged prima facie defenses to all or a part of the plaintiff's claim which are sufficient to open the judgment.

It appears from the pleadings before us that on May 19, 1973, Iser Electric entered into a construction contract with the Ingran Company to perform electrical work in connection with the building of the Elmhurst Travel Lodge. Under the agreement Iser, as subcontractor, agreed to perform the work on a time and material basis plus 10% profit with hourly rates specified for the labor of the working journeymen foreman and working journeymen.

In his affidavit Jaconetti alleges that he notified the plaintiff of breaches of the contract, particularly by letter of February 1, 1974, which he attached as an exhibit. In the letter Jaconetti advised Iser that they were in default under various paragraphs of the agreement which provided that the work be performed in accordance with plans (paragraph 2); that work be in strict accordance with shop drawings and subject to the approval of the contractor (paragraph 3); that the subcontractor prosecute the work in a good and workmanlike manner with due diligence (paragraph 4); that no extra work be paid or change made unless agreed to in writing before the work is done or changed (paragraph 6); and that all changes in wage scales inure to the benefit or be borne by the subcontractor (paragraph 8). In addition, Jaconetti advised Iser that he was invoking paragraph 15 of the agreement which provided for arbitration.

The affidavit further recited that plaintiff had agreed to supply journeymen electricians payable at the rate of $16 per hour but had used apprentices so the rate should have been $8 per hour; and that the plaintiff had never entered into arbitration after being notified of the disputes. Thereafter, pursuant to the breaches, "and also to obtain a line of credit" plaintiff and defendants entered into an amendment of the contract attached to the affidavit.

The amendment to the contract is dated February 28, 1974, and recites that the parties had mutually agreed to modify the earlier contract. In the modified agreement the parties agree that a billing dated January 25, 1974, showing a current indebtedness of $49,678.99 to Iser for electrical work and material on the project is proper and correct and is for past due payments for material and work. In the agreement Ingran promised to execute the note attached to evidence the indebtedness. In addition, the parties agree that Jaconetti "in consideration for the extension of credit by ISER for past due payments for electrical material and work" unconditionally guarantees all sums due Iser from Ingran for prior work and material and future work and material. In this connection the promissory note provided that principal only should be due six months from date of February 28, 1974, or at completion of the motel which ever first occurred.

In his affidavit Anthony Jaconetti further alleged:

"Pursuant to the above agreement, defendant signed it with modifications and said modifications were supposed to be initialed by plaintiff but never were; a letter from plaintiff's attorney to the plaintiff sets out in fact, that in order to be binding, these modifications must be initialed, a copy of which letter is attached, marked 'Exhibit 4' and incorporated by reference."

The affiant also stated he sent several letters to the plaintiff indicating that the amendment was void by failure of the plaintiff to initial the changes. It appears from the letter introduced as exhibit 4 that the contract had previously been signed by both parties. Essentially the changes deleted the provision for 10% per annum interest, and provided that paragraphs 4 and 15 of the original agreement were not to be revoked. Paragraph 4 as previously indicated provided for diligent prosecution of the work in a workmanlike manner. Paragraph 15 provided for arbitration of any disputes. The modified agreement also provided that the failure by Ingran to make prompt and timely payment to Iser upon all building statements submitted by Iser would constitute a material breach and Iser would then be justified in removing all of his electricians from the job site "immediately." Jaconetti substituted for the word immediately "after 3 days written notice" and initialed the change.

It fairly appears from the record that Iser signed the amendment after the changes were made and initialed by Jaconetti but did not initial each change. Iser Electric continued to work on the project until it commenced its action on November 4, 1974, to confess judgment on the note and shortly thereafter to garnish Jaconetti's personal bank account.

In addition to the affidavit, defendants subsequently filed an answer and affirmative defense. The answer consists of an general denial of the plaintiff's complaint for confession. The affirmative defense recited that

defendants had notified the plaintiff of breach of the agreement of plaintiff to supply journeymen electricians payable at the rate of $16 per hour and the use instead of apprentice electricians which should have been charged at the rate of $8 per hour. The answer also alleged that the amendment to the contract entered into after the alleged breaches of contract were supposed to have been signed and initialed as to modifications but that the initial changes were never confirmed by the plaintiff, thereby making the amendment and the note also void.

The trial judge denied defendants' motion to open the judgment based on his finding that defendants' answer and affidavits were not sufficiently explicit; and on the finding that the amended contract was validly executed as a matter of law and was not breached.

We conclude that the trial judge was correct and that the judgment should be affirmed.

■■ The supplemental contract and the accompanying note were given for the same purposes and in the course of the same transaction. They are therefore to be regarded as one in the absence, as here, of any statement in the documents to the contrary. (See *Sandra Frocks, Inc. v. Ziff*, 397 Ill. 497, 504 (1947); *H. F. Philipsborn & Co. v. Suson*, 59 Ill. 2d 465, 472 (1974).) However, from the pleadings it clearly appears that the note was given together with the personal guarantee of Anthony Jaconetti to satisfy the settlement of an indebtedness for work already performed as described in the settlement agreement. Defendants' liability for the sum of $49,678.99, thus was evidence by the note free from any claims included in the settlement. *Staren & Co. v. Shapiro*, 3 Ill. App. 3d 417, 420 (1972); *Koretz v. All American Life & Casualty Co.*, 102 Ill. App. 3d 197, 201-03 (1968).

■■ Defendants have argued that both the supplemental agreement and the accompanying note were void because of a defect in the formation of the contract. We do not find this to be established, however, by defendants' pleading. The defendants' theory appears to be that when Jaconetti made changes in the form of the contract submitted to him by Iser and initialed them, it became a condition precedent to the validity of the contract for Iser to also initial the changes. However, the mere conclusion by defendants that the initialing by Iser was the only method by which the changes could be accepted is insufficient to show a conditional delivery of the contract. In contrast to cases which find conditional execution and delivery of a contract (see, *e.g., National Boulevard Bank v. Corydon Travel Bureau, Inc.*, 95 Ill. App. 2d 281, 286-91 (1968)), the affidavit in this case does not indicate the defendant communicated his intention to be bound only by mutual initialing prior to the time the contract was executed. (*Cf. Suess v. Jousma*, 122 Ill. App. 2d 415, 419-20 (1970).) Moreover, Iser signed the contract in its modified

form, after Jaconetti made the changes which undoubtedly reflected his interests. He should not now be heard to claim the entire agreement never became effective. In view of the strong presumption against such conditions when it could have been easily included as a term of the document (*Haas v. Cohen,* 10 Ill. App. 3d 896, 899 (1973)), we must conclude the defendants have failed to allege facts which if proved would make a prima facie case of conditional execution and delivery of the contract. As a result, the defendants provided the trial court with no proper basis for opening the judgment. *First Professional Leasing Co. v. Kearney,* 129 Ill. App. 2d 101, 104-05 (1970); *Burkett v. Finger Lake Development Corp.,* 32 Ill. App. 3d 396, 401 (1975).

■■ The defendants have also argued that even if the amended contract is valid and binding they are entitled to have the judgment by confession opened so as to present a counterclaim or setoff and in any event to arbitrate the dispute.

The assertion of a proper counterclaim or setoff entitles the party to open the judgment by confession. (*Kuh v. Williams,* 13 Ill. App. 3d 588, 593 (1973).) However, since the note was given in compromise and settlement of claims due under the original contract and the defendants have not shown any claims which arose afterwards, the rule is inapplicable. *Staren & Co. v. Shapiro,* 3 Ill. App. 3d 417, 420 (1972); *Pure Torpedo Corp. v. Nation,* 327 Ill. App. 28, 33-34 (1945).

■■■ We also agree with the ruling of the trial judge that there was nothing to arbitrate, since the note evidenced a compromise and settlement as to the items in dispute to that time. The defendants may not demand arbitration on disputes which they have elected to settle by another means. *Applicolor, Inc. v. Surface Combustion Corp.,* 77 Ill. App. 2d 260, 266-67 (1966).

For the reasons we have stated the judgment is affirmed.

Affirmed.

GUILD, P. J., and RECHENMACHER, J., concur.