WILLIAM J. HOFFMAN, Plaintiff-Appellant, *v.* CLARK STREET ROAD-HOUSE, LTD., Defendant-Appellee.

First District (5th Division)   No. 79-84

Opinion filed November 30, 1979.

Donna, Gilman and Schuller, of Chicago (Jeffrey T. Saltz, of counsel), for appellant.

David I. Grund and Robert M. Knabe, both of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, as lessor, brought this action for forcible entry and detainer (Ill. Rev. Stat. 1977, ch. 80, par. 8) against the lessee, Clark Street Roadhouse, Ltd., an Illinois corporation. Following a bench trial, the trial court ruled that payment of rent in the form of third-party checks does not constitute a valid tender and, therefore, entered a judgment for possession in favor of Hoffman. Clark Street appeals.

The following pertinent evidence was adduced at trial.

On August 1, 1975, plaintiff and defendant executed a 10-year lease for the first floor of the building at 2727 N. Clark Street. Under the terms of the lease, rent was to be paid on the first of every month. A rider to the lease, which was executed with the lease, provides that payment of rent shall be "in coin or currency which at the time or times of payment (of rent) is legal tender for public and private debts in the United States." On September 1, 1978, Hoffman went to the premises to collect the rent of $1,350 for the month of September. Clark Street did not tender payment of the rent, and Hoffman pursuant to the terms of the lease served Clark Street a five-day notice of termination of the lease if rent is unpaid. Four days later, Clark Street attempted to tender payment for the rent in the form of between $300 and $450 in cash and the balance, approximately $1,000 in third-party checks endorsed to Hoffman. Hoffman refused the tender and insisted on payment in cash. Clark Street did not meet the demand. Consequently, Hoffman brought this action for forcible entry and detainer.

At the end of a bench trial, the trial court found for Hoffman and ruled that Hoffman was entitled to payment of rent in cash under the terms of the lease and, therefore, acted within his rights in rejecting the proposed tender of third-party checks.

OPINION

In this appeal, Clark Street contends that modern commercial practice treats checks as negotiable as cash, and in recognition of this fact, we should permit the payment of Clark Street's rent by check. When the terms of a lease are silent as to the medium of payment of rent, we would acknowledge the merit of this argument. In the present case, however, Clark Street has bound itself by the terms of the lease it has entered into. We note that the validity of this lease is not challenged by Clark Street.

██ In Illinois, rules of contract construction are applicable to the construction of written leases. (*Walgreen Co. v. American National Bank & Trust Co.* (1972), 4 Ill. App. 3d 549, 281 N.E.2d 462.) The principal function of a court in construing a lease is to give effect to the intention of the parties as expressed in the language of the document when read as a whole. (*American National Bank & Trust Co. v. Olympic Savings & Loan Association* (1978), 60 Ill. App. 3d 722, 377 N.E.2d 255.) Where the language of the lease is clear and definite, there is no need for judicial interpretation. (*O'Fallon Development Co. v. Reinbold* (1966), 69 Ill. App. 2d 169, 216 N.E.2d 9.) In this case, the language of the rider to the lease is clear and unambiguous. It expresses the intention of the parties that rent is to be paid in coin or currency, and there is no need for judicial interpretation.

A similar issue was raised in *Margulus v. Mathes* (1950), 339 Ill. App. 497, 90 N.E.2d 254. In that case, the vendee attempted to exercise his option to purchase real estate by tendering a certified check as payment. The vendor refused the tender and demanded payment in cash as required by the express terms of the option contract. The appellate court held that the terms of the contract controlled the medium of payment and therefore, the vendor acted within his contractual rights in refusing the tender.

██ Since the parties have clearly and unambiguously expressed their intention as to the medium of payment of rent, we hold that the trial court did not err in finding that Hoffman was entitled to payment in coin or currency. Accordingly, the finding of the circuit court is affirmed.

Affirmed.

MEJDA and WILSON, JJ., concur.