ZULFIQUAR EBRAHIM, Plaintiff-Appellant, v. CHECKER TAXI COMPANY *et al.*, Defendants-Appellees.

First District (1st Division)   No. 83—2447

Opinion filed November 19, 1984.

Schneider & Morrison, Ltd., of Chicago (Earl F. Schneider, R. Stephens Morrison, and Margaret Kinnally, of counsel), for appellant.

Jesmer & Harris, of Chicago (Chester L. Harris and Charles E. Tannen, of counsel), for appellees.

JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, Zulfiquar Ebrahim, appeals from the dismissal of his complaint against defendant Checker Taxi Co. and Calumet Insurance Co. On appeal, plaintiff argues the trial court erred in holding defendant was not required to provide plaintiff with uninsured motorist coverage.

We affirm.

According to plaintiff's complaint, plaintiff leased a taxi from defendant. The following language was included in the leasing agreement:

> "Lessor, although not responsible for Lessee's operation of the Taxicab or damages or injuries resulting therefrom, provides public liability and property damage insurance (or equivalent indemnity) covering Lessor and Lessee, in the limits and of the types prescribed by ordinances of the City of Chicago and laws

of the State of Illinois."

Furthermore, plaintiff's complaint alleges that on September 20, 1982, he was involved in an accident with the driver of a "hit and run" vehicle. Plaintiff submitted a claim with Calumet Insurance Co., which denied coverage. Defendant filed an affidavit stating it has a surety bond for $50,000 on file with the city of Chicago.

The Insurance Code of Illinois provides in pertinent part:

> "Sec. 143a. (1) On or after July 1, 1963, no policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto, *** persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles ***." (Ill. Rev. Stat. 1983, ch. 73, par. 755a(1).)

The Illinois Motor Vehicle Code provides that a common carrier provide "proof of financial responsibility" as an alternative to a policy of insurance. (Ill. Rev. Stat. 1983, ch. 95½, par. 8—101.) The filing of a surety bond satisfies the required proof of financial responsibility. (Chicago Municipal Code sec. 28—12 (1983).) The issuance of the bond as specified in defendant's affidavit satisfies the statutory requirement for a bond. Ill. Rev. Stat. 1983, ch. 95½, par. 8—104—1.

In *Hill v. Catholic Charities* (1983), 118 Ill. App. 3d 488, 492, 455 N.E.2d 183, we held the statutory requirement to offer uninsured motorist coverage applied only to insurance companies issuing policies and not to organizations acting as self-insurers. In the case at bar, defendant is not an insurance company issuing policies. Therefore, there is no statutory requirement that defendant offer its lessees uninsured motorist coverage. Furthermore, we conclude that defendant did not assume the responsibility of uninsured motorist coverage in its lease with plaintiff.

The contract between the parties specifies that defendant is not "responsible for Lessee's operation of the Taxicab or damages or injuries resulting therefrom ***." Therefore, defendant is disclaiming the role of plaintiff's insurer. Rather, defendant assumes coverage only "in the limits and of the types prescribed by ordinances of the City of Chicago and the laws of the State of Illinois."

In interpreting a contract, the court will seek a reasonable interpretation based on the language of the contract. (*Tatar v. Maxon Con-*

*struction Co.* (1973), 54 Ill. 2d 64, 294 N.E.2d 272.) There is a strong presumption against provisions which could have been easily included in the instrument. *Iser Electric Co. v. Ingram Construction Co.* (1976), 44 Ill. App. 3d 640, 358 N.E.2d 667.

In the case at bar, we conclude that the language of the contract indicates defendant was trying to limit its liability to the least acceptable under the applicable provisions of the laws of Illinois and the code of Chicago. We also believe it is reasonable to assume defendant was limiting its liability to that required of a common carrier and not to the liability required of an insurance company. Furthermore, if the parties had intended to include uninsured motorist coverage in the lease, that provision could have been easily included in the contract.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

BUCKLEY, P.J., and CAMPBELL, J., concur.