BRAESIDE REALTY TRUST, Plaintiff-Appellant, v. STEVE CIMINO, d/b/a Spectrum Mobile Catering, Defendant-Appellee.

First District (4th Division)  No. 83—3040

Opinion filed May 30, 1985.

Max Earl Sherman, of Chicago, for appellant.

Jordan Bell, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Braeside Realty Trust, appeals from a judgment of the circuit court of Cook County holding that defendant need not fulfill his obligations under a written lease agreement. Plaintiff presents the following issues for review: (1) whether the trier of fact properly ascertained the intentions of the parties as expressed in the lease, and

(2) whether there was sufficient evidence to support the judgment of the court.

We affirm in part and reverse in part and remand.

Plaintiff owned an industrial building at 2010 Touhy Avenue, Elk Grove. The building consisted of multiple units that plaintiff rented out in either single or double combinations. Defendant, Steve Cimino, doing business as Spectrum Mobile Catering, began negotiating with plaintiff for the rental of a double unit in April 1981.

Defendant received from plaintiff the keys to the units in April with immediate possession; they agreed that defendant would begin to pay rent on August 1, 1981. They executed a written lease for a two-year term, where defendant agreed to pay plaintiff $1,050 per month in rent during the first year and $1,100 per month during the second year. The lease provided, in part, as follows:

> "Lessee [defendant] agrees to occupy and operate the entire premises for the purposes hereinabove set forth at all times during the term of this Lease unless prevented from doing so by causes beyond Lessee's control ***."

The lease further provided as follows:

> "Nothing in this article shall be construed to require Lessee to comply with any laws, ordinances, regulations or requirements referred to herein which may require structural alterations, structural changes, structural repairs or structural additions unless made necessary by any act or conduct of Lessee or work performed by Lessee in which event Lessee shall comply at its sole cost and expense."

Defendant deposited $1,050 with plaintiff as a security for performance of the terms of the lease.

On June 19, 1981, defendant notified plaintiff that he would not perform under the lease, citing, *inter alia*, "various business changes." Plaintiff advertised the units and rented them to a new tenant beginning December 1981.

Plaintiff filed suit on March 14, 1983, seeking rent for the months of August, September, October, and November 1981, in addition to late charges, advertising costs of $701.71, and cleaning costs of $50 due to defendant's occupancy. Setting off the security deposit, plaintiff sought a total of $4,301.71.

The trial court entered judgment against defendant on March 18, 1983, based on a confession of judgment clause in the lease agreement. On October 18, 1983, the trial court opened the judgment by confession, allowed the judgment to stand as security, and allowed defendant to file an answer. Defendant filed an answer and a counter-

claim for the amount of his security deposit.

At a hearing on the merits, defendant testified that when he went to the Elk Grove village hall to obtain an occupancy permit, the village building commissioner told him that he could not occupy the premises for the purpose that he intended, mainly the storage of catering trucks. Defendant further testified that he did not apply for the permit because of the inspector's discouraging remarks. At the end of the hearing, the trial judge entered judgment for defendant on the complaint and entered judgment for plaintiff on the counterclaim.

Plaintiff appeals.

■■ Plaintiff first contends that the trial court failed to properly ascertain the intentions of the parties as expressed in the lease. Plaintiff argues that a court assumes that a lease fully and completely sets forth the agreement of the parties and will enforce the clear and unambiguous terms of the lease, relying on *Thread & Gage Co. v. Kucinski* (1983), 116 Ill. App. 3d 178, 182-83, 451 N.E.2d 1292, 1295-96, and *H. B. G. Corp. v. Houbolt* (1977), 51 Ill. App. 3d 955, 962, 367 N.E.2d 432, 437.

Defendant contends that the trial court properly ascertained the intentions of the parties as expressed in the lease. Defendant argues that while a trial court, in construing the language of a lease, cannot disregard the clear and unambiguous language of the lease, the court should ascertain and give effect to the intention of the parties, the surrounding circumstances that existed at the time of the execution of the lease, as well as the purpose or object the parties had in mind in entering into the lease. *Chicago Title & Trust Co. v. Northwestern University* (1976), 36 Ill. App. 3d 165, 168, 344 N.E.2d 52, 55, quoting *South Parkway Building Corp. v. South Center Department Store, Inc.* (1958), 19 Ill. App. 2d 14, 25-26, 153 N.E.2d 291, 296.

The overriding objective in construing contracts is to give effect to the intent of the parties involved. To discover the intent of the contracting parties, the various provisions of a contract must be viewed as a whole. The language used in the contract is the most reliable indicator of the parties' intent. (*In re Estate of Savage* (1979), 73 Ill. App. 3d 656, 659, 392 N.E.2d 263, 266.) There is a strong presumption against conditions that could have been easily included by the parties as terms of the contract but were not. *Iser Electric Co. v. Ingran Construction Co.* (1976), 44 Ill. App. 3d 640, 644, 358 N.E.2d 667, 670.

Applying these principles to the case at bar, the lease shows that the parties intended that defendant rent space from plaintiff. If defendant intended the operation of the lease to depend on his obtain-

ing an occupancy permit or some other license, he could have inserted in the lease a provision to that effect. (The defendant did insert a provision at the end of the lease involving another matter, thus indicating he knew that he could make the receipt of the permit a condition of the lease.) We hold that the trial court did not properly ascertain the intentions of the parties.

■ Plaintiff argues that the lease gives him the right to the damages he seeks. He contends that the trial court erred in failing to enforce the lease because there was no evidence that either a change of law occurred that thwarted the intended use of the premises or that he knew or withheld any information from defendant that local laws would thwart defendant's intended use of the premises. Referring to the previously quoted provision in the lease, defendant contends that obtaining an occupancy permit was a condition precedent to the existence of the lease itself, and that the failure to do so frustrated the purpose of the bargain and made the lease unenforceable.

Rescission of a contract is not proper unless some change in the law occurs after the parties signed the lease that thwarts the intended use of the premises. The parties are presumed to know the law at the time the lease is made. *Pioneer Trust & Savings Bank v. Zonta* (1979), 74 Ill. App. 3d 614, 617, 393 N.E.2d 548, 551.

■ Here, neither party presented any evidence of a change in the Elk Grove building regulations subsequent to the signing of the lease, and we presume defendant to have known the requirements for obtaining an occupancy permit before signing the lease. In fact, the defendant did not even apply for the permit after speaking with the building commissioner. We conclude that the judgment of the trial court for defendant was not based on sufficient evidence.

Based on the above discussion, we hold that plaintiff is entitled to all of the damages he seeks. We reverse the judgment of the trial court that denied plaintiff damages, affirm the judgment for plaintiff on the counterclaim, and remand the cause for entry of an order not inconsistent with this opinion.

Affirmed in part and reversed in part and remanded.

JIGANTI, P.J., and LINN, J., concur.