MEEKER-MAGNER COMPANY, Plaintiff-Appellant, v. GLOBE LIFE IN-
SURANCE COMPANY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 85—3394

Opinion filed February 5, 1987.

McLennon, Nelson & Nudo, P.C., of Park Ridge (Richard A. Nelson and
Debra O. Elder, of counsel), for appellant.

Arvey, Hodes, Costello & Burman, of Chicago (Malcolm S. Kamin and
Thomas W. Flannigan, of counsel), for appellee Globe Life Insurance Com-
pany.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, Meeker-Magner Company (Meeker-Magner), brings this appeal seeking reversal of a trial court's order dismissing counts I and III of its three-count complaint.[1] Meeker-Magner filed its complaint after defendant Globe Life Insurance Company (Globe) served Meeker-Magner with notice that a lease between Meeker-Magner and Globe was terminated.

In count I of its complaint, Meeker-Magner seeks recision of the lease that it entered into with Globe. In count III, Meeker-Magner alleges that Globe breached the lease by terminating it and that as a result, Globe is obligated by the lease to pay Meeker-Magner $100,000 in stipulated damages.

Globe moved to dismiss counts I and III of Meeker-Magner's complaint contending that paragraph 18(e) of the lease permits Globe to terminate the lease if Globe enters into a land sale contract to sell the building in which Meeker-Magner rented office space.

Following a hearing on the matter, the trial court agreed with Globe finding that Globe was acting within its rights under paragraph 18(e) when it terminated the lease. Accordingly, the trial court dismissed counts I and III of Meeker-Magner's complaint.

Meeker-Magner now brings this appeal asserting: (1) that the language of the lease is ambiguous and that resort to the rules of contract construction establishes that Meeker-Magner is entitled to $100,000 for Globe's termination of the lease, and/or (2) that Globe's failure to pay Meeker-Magner the $100,000 in stipulated damages constitutes substantial nonperformance of the lease by Globe thereby entitling Meeker-Magner to recision of the lease.

We affirm.

BACKGROUND

This appeal is before us following the trial court's ruling that counts I and III of Meeker-Magner's complaint fail to state a cause of action under Illinois law. Accordingly, we must accept as true all of the well-pleaded allegations in counts I and III and must draw all reasonable inferences in Meeker-Magner's favor. *Horwath v. Parker* (1979), 72 Ill. App. 3d 128, 390 N.E.2d 72.

Meeker-Magner's complaint reveals that on September 2, 1980, Globe and Meeker-Magner executed the lease at issue in this appeal.

---

[1] In count II, Meeker-Magner sued the American Academy of Orthopedic Surgeons. That matter has been settled and is not relevant to the outcome of this appeal.

The subject of the lease was a building located at 222 South Prospect Avenue in Park Ridge, Illinois. The lease's term lasted for five years from September 2, 1980, to September 2, 1985. The following provisions of the lease are pertinent to this appeal.

Paragraph 18(e) provides:

"The Lessor shall have the right to terminate this lease on the thirtieth day of April in any year if the lessor proposes to sell the building and the land under it ***. Such termination shall become effective and conclusive by notice of the Lessor to the Lessee not less than ninety days prior to the thirtieth day of April fixed in the notice. No money or other consideration shall be payable by the Lessor to the Lessee for this right ***."

Paragraph 23 of the lease provides:

"At the end of the five-year term, Lessees shall have an option to extend the term of the lease for an additional five-year period, at a rental based on the rates per square foot then charged for comparable space in the same general location. Lessor shall have the right to cancel said option by giving the Lessee nine (9) months notice of intent to cancel the option and by paying Lessee the sum of $100,000.00 within 30 days after notice of cancellation."

On February 23, 1984, Globe contracted to sell the building to the American Academy of Orthopedic Surgeons (the Academy). Subsequently, on May 17, 1984, Globe sent a notice of termination (pursuant to paragraph 18(e)) to Meeker-Magner. The termination was effective April 30, 1985, and informed Meeker-Magner of the building's pending sale. The next day, on May 18, 1984, Globe closed the sale of the property and Meeker-Magner was directed to make all future rent payments to the Academy.

In June of 1984, Meeker-Magner demanded payment of $100,000 from Globe. Meeker-Magner claimed that under paragraph 23 of the lease, it was entitled to receive the money. Globe refused to honor Meeker-Magner's demand.

On September 14, 1980, Meeker-Magner informed Globe that it was seeking a recision of the lease. Meeker-Magner thereafter refused to make any further rent payments and, in October of 1984, vacated the premises. Meeker-Magner then instituted this lawsuit on October 10, 1984.

Pursuant to Globe's motion, the trial court dismissed counts I and III of Meeker-Magner's complaint. Meeker-Magner now brings this appeal.

OPINION

■■ The resolution of this appeal lies in the interpretation of two provisions (paragraphs 18(e) and 23) contained in the lease executed between Globe and Meeker-Magner. It is well settled that in construing a lease, a court should resort to the general rules of contract construction. *Sol K. Graff & Sons v. Leopold* (1981), 92 Ill. App. 3d 769, 416 N.E.2d 275; *Hoffman v. Clark Street Roadhouse, Ltd.* (1979), 79 Ill. App. 3d 41, 398 N.E.2d 238.

The interpretation and legal effect of a contract are questions of law for the court to decide. (*Northern Illinois Construction Co. v. Zale* (1985), 136 Ill. App. 3d 822, 483 N.E.2d 1013.) It is also a question of law as to whether an ambiguity in a contract exists. (*Country Service & Supply Co. v. Harris Trust & Savings Bank* (1981), 103 Ill. App. 3d 161, 430 N.E.2d 631.) In interpreting a contract, the primary goal of the court is to give effect to the intent of the parties and in so doing, the court should view the contract as a whole. (*Braeside Realty Trust v. Cimino* (1985), 133 Ill. App. 3d 1009, 479 N.E.2d 1031.) Where the terms of a contract are plain and unambiguous, the intent of the parties is to be ascertained solely from the words employed in the contract. (*Puckett v. Oelze* (1985), 134 Ill. App. 3d 1020, 481 N.E.2d 867.) The terms of a contract should be given their natural and ordinary meaning (*W. H. Lyman Construction Co. v. Village of Gurnee* (1985), 131 Ill. App. 3d 87, 475 N.E.2d 273), and a court should construe a contract to give effect to every portion thereof for the law prefers that construction which renders the agreement legal rather than void (*Schiro v. W. E. Gould & Co.* (1960), 18 Ill. 2d 538, 165 N.E.2d 286).

■ In the case at bar, counts I and III of Meeker-Magner's complaint state a cause of action only upon a finding that Globe breached the lease in question. Without a breach, or in other words, if Globe acted within its rights under the contract, counts I and III must be dismissed. *Litwin v. Timbercrest Estates, Inc.* (1976), 37 Ill. App. 3d 956, 347 N.E.2d 378.

■ An examination of the lease executed between Globe and Meeker-Magner reveals clearly that Globe acted within its rights under paragraph 18(e) when it terminated the lease by notifying Meeker-Magner that it was in the process of selling the building. Under paragraph 18(e), Globe could terminate the lease provided: (1) the termination was effective on April 30 of any given year; (2) it was pursuant to the sale of the building to a third party; and (3) Globe gave Meeker-Magner notice of the termination 90 days prior to the April 30 date. As set forth above, Globe satisfied these three

requirements and was, therefore, within its rights under the lease contract.

Meeker-Magner asserts, however, that there is an ambiguity in the lease. Meeker-Magner claims that paragraph 23 of the lease obligates Globe to pay Meeker-Magner $100,000 if Globe terminates Meeker-Magner's option to extend the lease *at any time* during the five-year term of the lease. Thus, according to Meeker-Magner, because Globe terminated the lease, it also terminated Meeker-Magner's option and, under paragraph 23, Globe is obligated to pay Meeker-Magner $100,000. It is thus Meeker-Magner's position that an inherent ambiguity exists in the lease for paragraphs 23 and 18(e) are triggered by the same occurrence, namely, the sale of the building.

■ We cannot agree with Meeker-Magner's interpretation of the paragraphs 23 and 18(e). Globe's rights under paragraph 18(e) come into existence only if Globe contracts to sell the building. If Globe agrees to sell the building (and complies with the other requirements of paragraph 18(e)) then, and only then, can Globe exercise its right to terminate the lease. Without a sale to a third party, the lease, at least as far as paragraph 18(e) is concerned, remains in full force and effect and Globe cannot legally terminate the lease.

Meeker-Magner's rights under paragraph 23, on the other hand, are completely separate and distinct from those granted to Globe under paragraph 18(e). Paragraph 23 grants Meeker-Magner the option to extend the lease for an additional five years. It also grants Globe the right to cancel that option provided Globe first pays Meeker-Magner the sum of $100,000. However, in order to exercise its option to extend the lease that Meeker-Magner has with Globe, it is evident that Globe's continued ownership of the building is a necessary prerequisite. In other words, Meeker-Magner would have every right to exercise its option under paragraph 23 if Globe still owned the building on September 2, 1985, the date on which the first five-year term expired.

But such was not the case for Globe contracted to sell the building before Meeker-Magner's rights under paragraph 23 ever ripened. If we were to accept Meeker-Magner's interpretation, Globe would be bound by the lease to refrain from selling the building for at least five years unless Globe first agreed to pay Meeker-Magner $100,000. We cannot believe that paragraph 23 was intended by the parties to bar Globe (absent the payment of $100,000 to Meeker-Magner) from selling the building for the entire term of the lease.

In sum, we agree with the trial court that no ambiguity exists in

the lease executed between Meeker-Magner and Globe. We also agree with the trial court that Globe acted within its rights under paragraph 18(e) when it sold the building and terminated Meeker-Magner's lease. See *Stride v. 120 West Madison Building Corp.* (1985), 132 Ill. App. 3d 601, 477 N.E.2d 1318.

Accordingly, for the reasons set forth above, the decision of the circuit court of Cook County dismissing counts I and III of Meeker-Magner's complaint is affirmed.

Affirmed.

JOHNSON and JIGANTI, JJ., concur.