ADRIENNE GOLDBERG, Plaintiff-Appellee, *v.* LAWRENCE GOLDBERG, Defendant-Appellant.

First District (1st Division) No. 61892

Opinion filed March 1, 1976.

Greenberger, Krauss & Jacobs, Chartered, of Chicago (James B. Rosenbloom and Jay S. Berlinksy, of counsel), for appellant.

Ernest K. Koehler, of Chicago, for appellee.

Mr. JUSTICE BURKE delivered the opinion of the court:

On January 17, 1972, the circuit court granted Adrienne Goldberg a divorce from Lawrence Goldberg. She was granted custody of the children; Barbara Illene, then about six years of age, Nancy Susan, then about four years of age, and David Michael, then about three years of age. After a "full and complete disclosure" of all assets, the parties "freely and voluntarily" accepted the terms of a property settlement agreement which was incorporated into the divorce decree. The defendant agreed to pay the plaintiff a sum of $116,000 at the rate of $11,500 per year in 262 payments over a ten-year period. Defendant also agreed to pay $1500 per year in child support in biweekly payments until the last of the children was emancipated, reached majority, or completed a four-year course of college education. Tuition was to be paid by defendant. Upon the termination of the ten-year period of settlement payments to the plaintiff, child support payments could be redetermined by agreement of the parties, or, failing agreement, by a court of proper jurisdiction. During the ten-year period, however, the decree provides that the plaintiff "shall make supplementary contributions from time to time in such amounts as may be necessary for the support and care of the parties' minor children." The plaintiff had the right to claim the three children as dependents for purposes of Federal and State income taxes.

The divorce decree further provided that the defendant pay all medical and dental expenses exceeding $150 for each child per year. The defendant transferred all of his right, title and interest in the parties' home and furniture to the plaintiff. Approximately $16,000 in joint obligations were assumed by the defendant.

On December 16, 1974, about three years following the divorce, plaintiff filed a petition requesting an increase in child support payments. She alleged that defendant's income had increased substantially from the time of the divorce and that $1500 per year was an unreasonably low amount for the support of the three children. The petition, however, did not allege that the needs of the children had increased substantially since January of 1972. After a hearing on the petition, the court modified the child support provisions of the divorce decree by increasing defendant's child support payments from $125 per month to $300 per month. Defendant contends on appeal that the trial court erred in modifying the decree because the evidence presented was insufficient to demonstrate a substantial increase in the needs of the children and was insufficient to demonstrate a substantial increase in defendant's

ability to pay since the time of the entry of the divorce decree. Defendant argues that the court's finding of changed circumstances is against the manifest weight of the evidence.

Both parties testified at the hearing on the petition. Plaintiff testified that she had realized $25,000 cash in resulting equity from the sale of the home jointly owned by the parties prior to the divorce. From that $25,000, she utilized $12,000 as a down-payment on a condominium, and approximately $5000 for new furniture and appliances. The mortgage payment on the condominium is $256 per month, and the maintenance fee is $39 per month. Plaintiff has $10,000 invested in bank paper, which pays income dividends. Plaintiff receives a net payment of $45 per week as compensation for part-time employment with her father. She claims, however, to be indebted to her father in the amount of $5000. Plaintiff stated that she does not have a savings account. In 1974, defendant paid plaintiff $13,000 in prompt biweekly payments. Plaintiff testified that in 1974 her monthly expenditures usually exceeded her monthly income by approximately $200. In 1974, plaintiff spent approximately $900 on clothing for herself. In 1973, plaintiff's tax bill was approximately $600, with the three children being claimed as dependents. Plaintiff testified that her taxes would be higher in 1974. Plaintiff did not introduce any evidence demonstrating how the costs of maintaining the children have increased since the time of the divorce. The record does not indicate that the needs of the children have substantially increased.

Defendant testified that the divorce decree was based upon his financial status in 1971 as well as his projected earnings in the years which followed. In 1971, defendant received $31,000 in base salary, $7500 in returns from a stock option, and approximately $1000 in bonuses. Defendant's gross income for 1971 was $39,000. Defendant changed jobs in 1972. His new job entitled him to a base salary of $25,000 plus bonuses. In 1974, defendant's base salary increased to $35,000; however, he received only $2000 in bonus money. In 1975, his projected income was estimated to be between $35,000 and $38,000. Defendant has remarried and his present wife earns $4000 a year. Defendant's payments per month include approximately $1000 to plaintiff, $350 for apartment rental, and $194 for a 1974 automobile. Defendant owes over $10,000 on outstanding debts, most of which relate back to the obligations he assumed under the divorce decree.

■■ Section 18 of the Divorce Act authorizes the trial court to modify child support provisions contained in previously entered divorce decrees. (Ill. Rev. Stat. 1973, ch. 40, par. 19.) Well-established standards of review relating to modification orders have been devised by the courts.

We reiterated those principles in *Louthan v. Louthan,* 130 Ill. App. 2d 281, 283, 264 N.E.2d 797:

> "A decree of divorce is final as to the circumstances and conditions of the parties as of the date of its entry. Upon a subsequent application for a modification, only matters which have occurred subsequent to the entry of the decree may be considered by the court. Before a modification will be allowed it must be shown that the circumstances of the parties have changed materially. See generally Green v. Green, 86 Ill. App. 2d 362, 229 N.E. 2d 565."

■■■ The burden is on the plaintiff to prove a material change in circumstances by clearly establishing an increased need for the support of the children and a corresponding increased ability to pay on the part of the defendant since the time of entry of the divorce decree. (*Kelleher v. Kelleher,* 67 Ill. App. 2d 410, 214 N.E.2d 139.) In the instant case, plaintiff did not offer any evidence demonstrating a change which necessarily increased the support needs of the children. We also conclude that plaintiff failed to show that defendant's income had changed substantially since 1971. Despite the fact that defendant's base salary increased from $31,000 in 1971 to $35,000 in 1974, his total income remained substantially the same. Defendant's total income in 1971 was $39,000, the base upon which the property settlement agreement was negotiated. In 1974, defendant's total income was $37,000. The parties considered defendant's income in 1971 from his stock option, as well as projected income for 1972 from a bonus arrangement with defendant's new employer, as important factors in their property settlement agreement. The mere fact that defendant receives a higher base salary rather than income from stock options or bonuses does not necessitate a finding that his financial condition has increased substantially. The record reflects that his overall financial picture has changed little. If the child support provisions of the 1972 decree were inadequate, the plaintiff should have sought review at that time. The parties freely negotiated that each should share their obligations and responsibilities in a manner specified by the terms of the decree. Plaintiff agreed to contribute to the support of her children. In return, she was given the right to claim the children as exemptions for tax purposes; she was granted sole ownership of many joint assets and relieved of many joint obligations; and she was granted the right to relitigate child support payments after the ten-year lump sum alimony payment was completely paid. Subsequent displeasure with facts which existed at the time the decree was entered does not constitute a change in circumstances and does not justify an increase in the amount of child support payments. Plaintiff failed to meet

her burden of demonstrating a material change in circumstances. The record supports the conclusion that the findings of the trial court are against the manifest weight of the evidence. *Nordstrom v. Nordstrom,* 36 Ill. App. 3d 181, 343 N.E.2d 640.

For these reasons the judgment is reversed.

Judgment reversed.

GOLDBERG, P. J., and SIMON, J., concur.