ROBERT SCHLOSSER et al., Plaintiffs-Appellees, v. JOHN T. JURSICH, Defendant-Appellant.

Second District    No. 79-769

Opinion filed August 22, 1980.

John T. Jursich, of Waukegan, for appellant.

Wasneski, Kuseski, Flanigan & Dixon, of Waukegan, for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

The issue presented by this appeal is whether an attorney can be ordered to pay costs in a personal injury lawsuit when the contingency fee contract makes no provision for allocation of expenses. We hold an attorney cannot be compelled to assume the responsibility for costs under the circumstances present here and the judgment of the Circuit Court of Lake County is therefore reversed.

Attorney John Jursich, the defendant in this case, was engaged by plaintiffs, Robert and Betty Schlosser, to represent them in a personal injury action arising out of an automobile collision. The contract for fees entered into between the parties provides in relevant part as follows:

"As a fee for your representing me you are to receive, on a contingent-fee basis, THIRTY-THREE AND ONE-THIRD (33-1/3%) PER CENT of whatever amount may be recovered therefrom by suit, settlement or otherwise.

There will be no charge to me of any kind for fees if you are unable to recover or collect any monies for me as a result of the above-described occurrence."

The case was tried before a jury and a verdict was returned against plaintiffs. Defendant received no fee for his services, but billed plaintiffs for costs and expenses in the amount of $259.50. Plaintiffs paid the bill "because they were threatened with a lawsuit" and then filed a complaint in small claims court seeking reimbursement. Plaintiffs argued that the word "fees" could be interpreted to include all the expenses associated with a lawsuit since the contract did not contain a separate provision relating to any other costs and that any ambiguity in the contract should be resolved against defendant who drafted it. The trial judge agreed and entered judgment against defendant. This appeal followed.

■■ It has long been a rule in Illinois that a contingency fee contract requiring the attorney to assume ultimate responsibility for costs and expenses of litigation is champertous and void as against public policy.

826

(*West Chicago Park Commissioners v. Coleman* (1884), 108 Ill. 591, 601; *Thompson v. Reynolds* (1874), 73 Ill. 11, 13-16; *Bounougias v. Peters* (1964), 49 Ill. App. 2d 138, 154, 198 N.E.2d 142, 150; *Mock v. Higgins* (1954), 3 Ill. App. 2d 281, 294-98, 121 N.E.2d 865, 871-72.) This view has been reiterated in the newly adopted Code of Professional Responsibility (Supreme Court Rule 5—103(b)) and is also the rule in the majority of other jurisdictions. (Annot., 8 A.L.R.3d 1155, 1158 (1966); 14 C.J.S. *Champerty & Maintenance* §18 (1939 & Supp. 1980); Restatement of Contracts §§540, 542 (1932); Williston, Contracts §1712 (3d ed. Jaeger 1972)). It is a well-settled principle of construction that individuals are presumed to have contracted with knowledge of existing law and that such laws enter into and form a part of the contract as fully as if they were expressly referred to or incorporated into its terms. (*Middle East Trading & Marine Service, Inc. v. Merchantile Financial Corp.* (1977), 49 Ill. App. 3d 222, 364 N.E.2d 886; *Board of Regents v. Wilson* (1975), 27 Ill. App. 3d 26, 326 N.E.2d 216; *Goble v. Central Security Mutual Insurance Co.* (1970), 125 Ill. App. 2d 298, 260 N.E.2d 860.) We can only assume in this case that the parties intended costs to be paid by plaintiffs since the law clearly prohibits an attorney from agreeing to enforce a claim at his own expense.

This is not to say that plaintiff's argument is entirely without merit. The relationship between attorney and client is a fiduciary one requiring good faith, fairness and full disclosure. (*In re Broverman* (1968), 40 Ill. 2d 302, 239 N.E.2d 816; *Neville v. Davinroy* (1976), 41 Ill. App. 3d 706, 355 N.E.2d 86.) We believe attorneys are under a particularly sensitive obligation to explain carefully and completely the allocation of expenses associated with legal representation. The contract in this case is indeed ambiguous, since a layman unfamiliar with the legal system could reasonably infer from its terms that he will be subject to no charges of any kind unless a recovery is obtained. Notwithstanding these considerations, however, we cannot sanction the construction of a contract that is inconsistent with the law and public policy of this State.

For these reasons the judgment of the Circuit Court of Lake County is reversed.

Reversed.

LINDBERG and UNVERZAGT, JJ., concur.