MARK WRIGHT *et al.*, Plaintiffs-Appellants, v. CHICAGO TITLE INSURANCE COMPANY *et al.*, Defendants-Appellees.

First District (3rd Division) Nos. 1—88—3040, 1—89—0473 cons.

Opinion filed April 11, 1990.

Ronald J. Broida, of Goldstine & Broida, Ltd., of Summit, for appellants.

Richard J. Hollander and Michael A. Klysh, both of Hollander & Hollander, of Chicago, for appellees.

JUSTICE WHITE delivered the opinion of the court:

Plaintiffs Mark and Rochelle Wright and defendants Daniel and Gail Shunk appeal from judgments entered by the circuit court. In case No. 1—88—3040, plaintiffs appeal orders granting defendants' motion to dismiss two counts of plaintiffs' complaint and entering summary judgment for Chicago Title Insurance Company on another count of the complaint. In No. 1—89—0473, plaintiffs and defendants have filed cross-appeals from the trial court's order denying their section 2—611 petitions for sanctions. Ill. Rev. Stat. 1987, ch. 110, par. 2—611.

While the appeals were pending, plaintiffs entered into a settle-

ment agreement with Chicago Title Insurance Company and plaintiffs' appeal from the summary judgment was dismissed. The appeal from the order dismissing the action against defendants and the cross-appeals remain.

In March 1987, plaintiffs filed suit against defendants alleging breach of contract and fraud in connection with defendants' sale of their home to plaintiffs.

The contract to purchase the house, located at 708 Gregford Road in Burr Ridge, Illinois, was entered into in August 1985. Paragraph 5 of the contract provided:

> "Seller shall convey or cause to be conveyed to Buyer (in joint tenancy) or his nominee by a recordable stamped general warranty deed with release of homestead rights, good title to the premises subject only to the following 'permitted exceptions' if any \*\*\* (b) Special Assessments confirmed after this contract date \*\*\*."

Paragraph 7 of the contract provided:

> "Seller represents (a) that he has received no notice of any ordinance or building code violation or pending special assessment from any governmental body in connection with the premises \*\*\*."

In their complaint, plaintiffs alleged that in 1984, one year prior to the sale, the Village of Burr Ridge designated the area in which defendants' house was located a special service area and imposed a special service area tax on all property located in the area. Collection of the tax was to begin in 1985 and would continue for the following nine years. Plaintiffs alleged that at the time they entered into the contract to sell their house, defendants were aware of the special service area tax and, therefore, defendants' representations that no special assessments existed were false and fraudulent.

Defendants filed a motion to dismiss plaintiffs' fraud and breach of contract claims. Defendants pointed out that, by signing the contract, they represented only that they were unaware of any pending special assessments. Defendants argued that because a special service area tax is legally distinct from a special assessment, there was no basis for plaintiffs' claim that defendants breached the contract and committed fraud when they represented that there were no special assessments pending in connection with the property.

The trial court granted defendants' motion to dismiss. The court found as a matter of law that a special service area tax was not a special assessment and that, therefore, defendants did not breach their contract with plaintiffs.

Subsequently, defendants filed a petition, pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611), seeking sanctions against plaintiffs. In their petition, defendants alleged that the allegations in plaintiffs' complaint had no basis in the law and that plaintiffs' purpose in filing the complaint was to harass, delay, and increase the costs of the litigation to defendants. In response, plaintiffs filed their own petition for sanctions against defendants, alleging that defendants' petition for sanctions was frivolous and was filed solely to induce plaintiffs to abandon their appeal of the trial court's order granting defendants' motion to dismiss. Both plaintiffs' and defendants' petitions were denied without a hearing.

Plaintiffs and defendants appeal the trial court's order denying their petitions for sanctions. Plaintiffs also appeal the dismissal of their fraud and breach of contract claims.

I

Plaintiffs contend that the fraud and breach of contract counts of their complaint were legally sufficient and that the trial court erred in granting defendants' motion to dismiss those claims.

■■ The grant or denial of a section 2—611 motion to dismiss is within the discretion of the trial court. (*Spicer v. Coleman* (1979), 72 Ill. App. 3d 631, 391 N.E.2d 46.) In ruling on a motion to dismiss in a breach of contract action, a trial court may determine whether the facts alleged constitute a breach of contract as a matter of law. (*Kos v. Catholic Bishop* (1942), 317 Ill. App. 248, 45 N.E.2d 1006.) Where the facts alleged demonstrate on their face that a plaintiff would not be entitled to recover, the complaint is properly dismissed. *Winnett v. Winnett* (1974), 57 Ill. 2d 7, 310 N.E.2d 1.

In the present case, the contract between plaintiffs and defendants indicates clearly and unambiguously that defendants represented only that no special assessments had been confirmed as of the date of the contract and that defendants had received no notice of any pending special assessments.

■■ ■ Where the language of a contract is unambiguous, the express provisions govern and there is no need for construction or inquiry as to the intention of the parties. (*P.A. Bergner & Co. v. Lloyds Jewelers, Inc.* (1986), 112 Ill. 2d 196, 492 N.E.2d 1288.) When contract terms are clear, they will be given their clear and natural meaning. (*McDonald's Corp. v. Mazur* (1984), 127 Ill. App. 3d 608, 469 N.E.2d 430.) We find that the clear and natural meaning of the contract terms used in the present case clearly supports the trial court's holding that defendants' failure to disclose the existence of a special

service area tax did not constitute a breach of contract as a matter of law.

Plaintiffs acknowledge that the language of the contract refers only to special assessments. However, plaintiffs argue that because the difference between special assessments (Ill. Rev. Stat. 1987, ch. 24, par. 9—2—43 *et seq.*) and special service area taxes (Ill. Rev. Stat. 1987, ch. 120, par. 1301 *et seq.*) is one of form, not substance, and because there are substantial similarities between the two, the use of the term "special assessment" in the contract should be construed as encompassing special service area taxes. We disagree.

■■ ■ The rights of parties to a contract are limited by the terms expressed in the contract; a court will not rewrite a contract to suit one of the parties, but will enforce the terms as written. (*A.A. Conte, Inc. v. Campbell-Lowrie-Lautermilch Corp.* (1985), 132 Ill. App. 3d 325, 477 N.E.2d 30.) There is a strong presumption against provisions that easily could have been included in the contract but were not. (*Braeside Realty Trust v. Cimino* (1985), 133 Ill. App. 3d 1009, 479 N.E.2d 1031; *Ebrahim v. Checker Taxi Co.* (1984), 128 Ill. App. 3d 906, 471 N.E.2d 632.) Thus, where a contract is clear and unambiguous, a court will not add terms simply to reach a more equitable agreement. *National Tea Co. v. American National Bank & Trust Co.* (1981), 100 Ill. App. 3d 1046, 427 N.E.2d 807.

■ In Illinois the use of a tax to finance special services provided to a particular area has been authorized since 1973, when the General Assembly enacted Public Act 78—901 and enacted sections 1 through 11 of "An Act to provide the manner of levying or imposing taxes ***" (Ill. Rev. Stat. 1973, ch. 120, pars. 1301 through 1311). Because the parties to a contract are presumed to have contracted with the knowledge of existing law (*Schlosser v. Jursich* (1980), 87 Ill. App. 3d 824, 410 N.E.2d 257), we must assume that plaintiffs were aware of the law authorizing the creation of special service area taxes when they entered into their contract with defendants. Accordingly, we will not add a provision to their contract requiring disclosure of such areas when the parties could have included such a requirement but did not.

Plaintiffs also argue that their complaint should not have been dismissed because it sufficiently alleged the elements of fraud by intentional misrepresentation or intentional concealment. Again we disagree.

■■ ■ To state a cause of action for fraud, a complaint must allege that: (1) the defendant made a representation of material fact; (2) the representation made was untrue; (3) the defendant knew or be-

lieved the representation to be untrue; (4) the plaintiff had a right to rely on the representation and in fact did so; (5) the representation was made for the purpose of inducing the plaintiff to act or refrain from acting; and (6) the representation led to the injury of the plaintiff. (*Wolford v. Household Finance Corp.* (1982), 105 Ill. App. 3d 1102, 435 N.E.2d 528.) In light of our finding that defendants' representation that there were no special assessments was not untrue, it is clear that plaintiffs' complaint fails to state a cause of action for fraud by misrepresentation.

█ It is also clear that plaintiffs' complaint failed to allege facts sufficient to state a cause of action for fraud by concealment of a material fact. To state a cause of action for fraud arising from the concealment of an existing material fact, a complaint must allege that the concealment was done with an intent to deceive, under circumstances creating a duty to speak. *Greene v. First National Bank* (1987), 162 Ill. App. 3d 914, 516 N.E.2d 311.

██ Plaintiffs' complaint alleges only that defendants made false representations that there were no special assessments; it contains no allegations that defendants had or breached any duty to disclose concealed facts. Therefore, we find that plaintiffs' complaint fails to state a cause of action for fraud by concealment as well as for fraud by misrepresentation.

II

In their appeal, defendants contend that the trial court erred in dismissing their section 2—611 petition for sanctions and in failing to give a "detailed explanation" of its reasons for dismissing the petition. Plaintiffs argue that the court properly dismissed defendants' petition for sanctions but erred when it dismissed their petition for sanctions. We affirm.

██ Under section 2—611, a person who signs a pleading represents that he has read the pleading and that to the best of his knowledge, information, and belief it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a person signs a pleading in violation of this motion, the court shall impose an appropriate sanction upon that person. Ill. Rev. Stat. 1987, ch. 110, par. 2—611.

 The decision to impose sanctions pursuant to section 2—611 is within the sound discretion of the trial court and the court's

determination will not be reversed on appeal absent an abuse of discretion. (*Yassin v. Certified Grocers of Illinois, Inc.* (1990), 133 Ill. 2d 458; *Chabraja v. Avis Rent A Car System, Inc.* (1989), 192 Ill. App. 3d 1074, 549 N.E.2d 872.) The purpose of section 2—611 is not to penalize unsuccessful litigants, and there is nothing in the statute that supports the imposition of sanctions simply because a particular argument or ground for relief is found to be unjustified. (See *Koester v. Weber, Cohn & Riley, Inc.* (1989), 193 Ill. App. 3d 1045; *Chicago Title & Trust Co. v. Anderson* (1988), 177 Ill. App. 3d 615, 532 N.E.2d 595.) The fact that plaintiffs did not prevail is not *prima facie* evidence that their complaint was entirely without foundation in the law. *Chabraja*, 192 Ill. App. 3d at 1081.

In *Chabraja*, this court affirmed the trial court's dismissal of defendant's petition for sanctions. Pointing out that the issue raised by plaintiff's complaint was the legal effect of the express language of a contract and how that language should be interpreted, the court held that it could not be said that the complaint was not a good-faith argument for the extension, modification, or reversal of existing law. We find that a similar conclusion is required in the present case, where plaintiffs also sought interpretation of the language of a contract.

Although we find that the trial court properly dismissed defendants' petition for sanctions, we do not find that the filing of the petition was so unwarranted that sanctions should be imposed against defendants. As we stated above, sanctions should not be imposed simply because a particular argument or ground for relief is found to be unjustified. (*Anderson*, 177 Ill. App. 3d at 622.) Accordingly, we find that the trial court did not err in dismissing plaintiffs' petition for sanctions.

We also find no error in the trial court's failure to give its reasons for denying the petitions. We have found that the trial court properly declined to impose sanctions against both plaintiffs and defendants and there is no basis for the argument that the court was required to give a detailed explanation of its actions.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CERDA, P.J., and FREEMAN, J., concur.