**HOUSEHOLD INTERNATIONAL, INC.** Household Retail Services, Inc., Household Bank (SB), N.A., and Beneficial National Bank USA, Plaintiffs,

v.

**WESTCHESTER FIRE INSURANCE COMPANY Defendant.**

Westchester Fire Insurance Company Plaintiff,

v.

Household International, Inc. Household Retail Services, Inc., Household Bank (SB), N.A., and Beneficial National Bank USA, Defendants.

No. CIV.A.02–1601 JJF, CIV.A.02–1328 JJF.

United States District Court, D. Delaware.

Oct. 8, 2003.

J.R. Julian, Esquire, of J.R. Julian, P.A., Wilmington, DE. Of Counsel: James J. Duggan, Esquire, Michael T. Glascott, Esquire, John R. Condren, Esquire, of Lustig & Brown, LLP, Buffalo, NY, for Household International, Inc., Household Retail Services, Inc., Household Bank (SB), N.A., and Beneficial National Bank USA.

John A. Parkins, Jr., Esquire, of Richards, Layton & Finger, P.A., Wilmington, DE, Of Counsel: John H. Mathias, Jr., Esquire, Christopher C. Dickinson, Esquire, John P. Wolfsmith, Esquire, Daniel Shim, Esquire, of Jenner & Block, LLC, Chicago, IL, for Westchester Fire Insurance Company.

## MEMORANDUM OPINION

FARNAN, District Judge.

Pending before the Court are two motions, Household International, Inc.'s, Household Retail Services, Inc.'s, Household Bank (SB), N.A.'s[1] and Beneficial National Bank USA's ("Beneficial") (collectively "Policyholders") Motion To Dismiss Counts I, II, and VIII Of Westchester's Complaint, (D.I. 31 in 02–1328 JJF),[2] and

---

**1.** The Court will refer to Household International, Inc., Household Retail Services, Inc., and Household Bank (SB) collectively as "Household."

**2.** Docket item numbers in this Motion refer to Civil Action No. 02–1328 JJF.

Westchester Fire Insurance Company's ("Westchester") Motion to Dismiss Pursuant To Rule 12(b)(6) and Rule 9(b). (D.I. 23 in 02–1601 JJF). For the reasons set forth below, Policyholders' Motion To Dismiss Count I of Westchester's Complaint (D.I. 31 in 02–1328 JJF) has been granted; Policyholders' Motion To Dismiss Counts II and VIII of Westchester's Complaint (D.I. 31 in 02–1328 JJF) has been denied; and Westchester's Motion to Dismiss Pursuant To Rule 12(b)(6) and Rule 9(b) (D.I. 23 in 02–1601 JJF) has been denied.

## BACKGROUND

This action stems from insurance policies Westchester issued to Policyholders.[3] In a previous action, *Beneficial Nat'l Bank v. Westchester Fire Ins. Co.*, C.A. No. 98–115–JJF ("1998 Action"), the Court determined that a policy Westchester issued to Beneficial contained an exclusionary clause for "banking services" which relieved Westchester from the obligation to cover claims arising from Beneficial's financing of media equipment to the customers of various merchants that Beneficial supplied with private label credit cards for use by the merchants' customers. On appeal, the Third Circuit affirmed the Court's decision. *See Beneficial Nat'l Bank, USA v. Westchester Fire Ins. Co.*, 276 F.3d 575 (3d Cir.2001).

Following this decision, the Policyholders initiated another action in the Northern District of Illinois, alleging common law fraud, statutory fraud and unjust enrichment arising from Westchester's sale of the policies (the "Illinois Action").[4] In response, Westchester filed a declaratory judgment action in this Court seeking, for

purposes relevant to the present motion, a declaration that 1) *res judicata* bars Policyholders' claims in the Illinois Action; 2) the exclusionary clause in the policies excludes coverage for credit financing claims; and 3) the credit financing claims do not allege an occurrence within the effective dates of the Westchester policies (the "Westchester Declaratory Judgment Action").[5] (D.I.1). The Court granted Policyholder's Motion To Stay pending resolution of the Illinois Action. In October, 2002, the Northern District of Illinois granted Westchester's Motion to Transfer to the District of Delaware. Thereafter, the Court consolidated the two actions. (D.I.25). The Court will discuss each Motion separately.

## STANDARDS OF REVIEW

### I. Motion to Dismiss Under Rule 12(b)(6)

Upon reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court "must accept as true the factual allegations in the Complaint and all reasonable inferences that can be drawn therefrom." *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir.2000). The Court will grant a defendant's motion to dismiss only if it appears that the plaintiff can prove no set of facts that would entitle it to relief. *Id.*

### II. Motions to Dismiss Under Rule 9(b)

Rule 9(b) of the Federal Rules of Civil Procedure states that "[i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity. Malice, intent, knowledge,

---

**3.** Household, in a 1998 merger, became Beneficial's corporate parent.

**4.** Docket item numbers in this action refer to Civil Action No. 02–1601 JJF.

**5.** These are Counts I, II, and VIII, respectively, of Westchester's Complaint.

and other condition of mind of a person may be averred generally." Fed.R.Civ.P. 9(b). In defining the requirements of Rule 9(b), the Third Circuit has warned that a court should not " 'focus[ ] exclusively on [the] 'particularity' language' " as that " 'is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules.' " *Seville Inds. Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir. 1984) (citation omitted). Although allegations describing the date, place, and time of the fraud satisfy the particularity requirement of Rule 9(b), "[p]laintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Id.* Further, "[w]hile conclusory allegations that do nothing more than mirror language of statutes and rules are not sufficient under Rule 9(b), the requirement of particularity does not require 'an exhaustive cataloging of facts but only sufficient factual specificity to provide assurance that plaintiff has investigated ... the alleged fraud and reasonably believes that a wrong has occurred.' " *In re ML–Lee Acquisition Fund II, L.P.*, 848 F.Supp. 527, 555 (D.Del.1994) (citing *Temple v. Haft*, 73 F.R.D. 49, 53 (D.Del.1976)).

### DISCUSSION

**I. Whether the Policyholders Are Entitled To Dismissal Of Counts I, II, and VIII of the Westchester Declaratory Judgment Action**

By its Declaratory Judgment Action ("Westchester Complaint"), Westchester asserts eight claims for relief. (D.I.1). In Count I, Westchester contends that the Policyholders' Illinois Action is precluded under the doctrine of *res judicata.* In Count II, Westchester contends that the "banking services" exclusionary clause of the policies it issued Policyholders precludes coverage for Policyholders' credit financing claims. In Count VIII, Westchester contends that Policyholders credit financing claims did not occur within the effective dates of their policies. By their Motion, Policyholders seek to dismiss Counts I, II, and VIII of Westchester's Complaint. The Court will address the Policyholders' Motion as it applies to each Count.

**A. Whether Policyholders are Entitled to Dismissal of Count I of Westchester's Complaint**

By their Motion, Policyholders seek to dismiss Count I of Westchester's Complaint. Specifically, Policyholders contend that the Illinois Action is not barred by the doctrine of *res judicata,* because the 1998 Action and the Illinois Action are distinct. The Policyholders contend that the 1998 Action was a contract action, while the Illinois Action is grounded in tort. Policyholders also contend that, while there may be some overlap between the two actions, the material facts, witnesses and documentary evidence will focus on a different time period and new evidence will be required.[6]

The doctrine of *res judicata,* in its broadest sense, refers to "the binding ef-

6. The Court has jurisdiction of the instant action based upon diversity jurisdiction, 28 U.S.C. § 1332. Accordingly, Delaware choice of law rules will determine the substantive law applied in this case. *Townsends of Arkansas, Inc. v. Millers Mutual Ins. Co.*, 823 F.Supp. 233, 237–38 (D.Del.1993). But, federal law will govern the *res judicata* issues because claim preclusion is a procedural matter. *See In re Kaplan*, 143 F.3d 807, 814–15 (3d Cir.1998) (citing *Heiser v. Woodruff*, 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946)) (applying the federal law of *res judicata* to determine the preclusive effect of a prior diversity judgment, stating that "[i]t has been held in nondiversity cases since *Erie v. Tomkins*, that the federal courts will apply their own rule of res judicata.").

fect of a judgment in a prior case on the claims or issues in pending litigation." 18 James Wm. Moore et al., *Moore's Federal Practice* § 131.10[1][a]. The Third Circuit has expanded on this definition, requiring the party asserting the doctrine to demonstrate that there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." *United States v. Athlone Inds.*, 746 F.2d 977, 984 (3d Cir.1984).

Applying the principles of *res judicata* in this case, the Court concludes that the doctrine of *res judicata* does not bar the Policyholders from seeking relief in the Illinois Action. In reaching this determination, the Court must look at the claims advanced by Beneficial and Household separately. With respect to the claims advanced by Household in the Illinois Action, the Court concludes that the principles of *res judicata* do not bar Household from pursuing its claims in the Illinois Action, because Westchester cannot establish that the second element of the *res judicata* analysis is satisfied.

The second element of *res judicata* requires that the same parties be involved in the action or their privies. Although Household and Beneficial both purchased identical policies from Westchester, and are now in a parent-subsidiary relationship, only Beneficial was before the Court in the 1998 Action.[7] Because Household was not a party in the 1998 Action, *res judicata* will only bar Household if Household was in privity with Beneficial during the 1998 Action.

To find privity between Household and Beneficial, Policyholders must demonstrate that Household, the parent corporation, controlled the 1998 Action. *See Johnson & Johnson v. Coopervision, Inc.*, 720 F.Supp. 1116, 1123 (D.Del.1989) (requiring that for a finding of privity, the plaintiff in the subsequent action controlled the prior litigation). In a parent-subsidiary context, a parent can be found to have controlled its subsidiary's earlier lawsuit if the subsidiary represented the parent's interests and the parent directed the litigation. *See id.* (emphasis omitted). Westchester does not allege that Household, who did not become Beneficial's parent until a 1998 merger, controlled the 1998 Action for Beneficial. Further, Household was involved in separate litigation with Westchester during this same period which concluded with an entirely different result.[8] Accordingly, the Court finds that Household and Beneficial were not in privity for purposes of the 1998 Action, and thus, the Court concludes that the doctrine of *res judicata* does not bar Household from proceeding with the Illinois Action.

Applying the elements of the res judicata analysis to Beneficial's claims, the Court concludes that Westchester has not established that the third element required by the *res judicata* analysis, i.e. the existence of "a subsequent suit based on the same causes of action," is satisfied.[9] *Ath-*

---

7. While a party may assert issue preclusion to strangers of an earlier proceeding, claim preclusion is applicable only to parties or their privies. *Johnson & Johnson v. Coopervision, Inc.*, 720 F.Supp. 1116, 1123 n. 12 (D.Del. 1989). Westchester has alleged only that claim preclusion bars the Illinois Action, (D.I. 1 at 6–7); accordingly, the Court will not discuss the applicability of issue preclusion.

8. The two parties, as noted in the Illinois Action Complaint, resolved their dispute by settlement.

9. For the purposes of this discussion, the Court is limiting itself to policy number CUA–100573, which is the only policy Beneficial purchased that is the subject of Policyholders' fraud action.

*lone,* 746 F.2d at 984. The Third Circuit has prescribed a four-prong test to be used in evaluating this question. *Id.* The Court must consider: "(1) whether the acts complained of and the demand for relief are the same ...; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same ...; and (4) whether the *material* facts alleged are the same." *Id.* (emphasis in original). "[M]erely because [the Plaintiff] relied on different [claims] in each action does not, in and of itself, render its claims different causes of action for res judicata purposes." *Id.* (citation omitted). Instead, the focus of the Court's analysis must be on "whether the acts complained of were the same, whether the material facts alleged in each suit were the same and whether the witnesses and documentation required to prove such allegations were the same." *Id.*

Although the 1998 Action and the Illinois Action relate to the extent of coverage provided by Westchester's policies, the Court finds that the 1998 Action and the Illinois Action differ in the allegations and claims advanced by Beneficial for relief. The 1998 Action focused on the nature of Beneficial's insurance claims and the extent of coverage provided by Westchester's policy. The essence of the Illinois Action, by contrast, is entirely different because it is based upon allegations that Westchester defrauded Beneficial and was unjustly enriched as a result of Westchester's sale of the policy to Beneficial. Further, the Court finds that the witnesses, documents, and material facts in the Illinois Action will likely be different from the 1998 Action. The 1998 Action was dependent upon contract interpretation and whether or not the claims were wrongfully denied—i.e. whether they fell under the definition of "banking services." In contrast, the Illinois Action will focus on Westchester's alleged misrepresentations or omissions to Benefi-cial and its understanding of Beneficial's needs for the policy.

Moreover, the relief sought in the Illinois Action is different from the relief sought in the 1998 Action. In the 1998 Action, Beneficial requested that Westchester provide coverage of its claims and reimburse Beneficial for the costs it expended in defending numerous lawsuits arising from its private label credit card activities. By contrast, in the Illinois Action, Beneficial seeks civil damages for fraud and unjust enrichment. Because the acts complained of, the theories of recovery and the evidence are different between the 1998 Action and the Illinois Action, the Court concludes that Westchester has not established that Beneficial's present claims are barred by the doctrine of *res judicata.*

In summary, the Court concludes that Beneficial and Household are not precluded from pursuing their present claims against Westchester in the Illinois Action. Westchester cannot state a claim upon which relief may be granted, because it cannot establish that the Illinois Action is barred by the doctrine of *res judicata.* Westchester has failed to show that Household was in privity with Beneficial during the 1998 Action or that the 1998 Action and the Illinois Action involve the same causes of action as the 1998 Action. Accordingly, the Court will grant Policyholders' Motion to Dismiss Count I of Westchester's Complaint.

B. *Whether Policyholders Are Entitled to the Dismissal of Counts II & VIII of Westchester's Declaratory Judgment Action*

■ By their motion, Policyholders seek to dismiss Counts II and VIII of Westchester's Declaratory Judgment Action. In Counts II and VIII of its Complaint, (D.I.1), Westchester seeks a declaratory

judgment that 1) the "banking services" clause excludes coverage for the Policyholders' credit financing claims, and 2) Policyholders' credit financing claims do not allege an occurrence within the effective dates of the Westchester policies.

The Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure provide the standards for declaratory relief. The Declaratory Judgment Act restricts this form of relief to cases where there is an "actual controversy within its jurisdiction." 28 U.S.C. § 2201. If there is such a controversy, "any court of the United States ... may declare the rights ... of any interested party seeking such declaration...." *Id.* In interpreting this relief, Rule 57 submits that "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief ...." Fed.R.Civ.P. 57.

Westchester contends that its claims fall within the scope of relief afforded by Section 2201 and Rule 57. Specifically, Westchester contends that the Policyholders, despite their representations to the Court, continue to file claims that fall under the "banking services" exception and seek coverage for events occurring after the effective date of the Westchester policies. Although the claims may originate from different "banking" activities, Westchester contends that they nonetheless are excluded under the "banking services" clause and the expiration of policy coverage. (D.I.1).

In response, the Policyholders concede that lawsuits arising from their private-label credit card business, which was the underlying subject matter of the 1998 Action, are not covered by their policies. Instead, Policyholders contend that the new claims they submitted to Westchester are not "identical" to the claims in the 1998

Action as the new claims concern credit insurance incident to a loan. (D.I. 35 at 6).

 Despite Policyholders' representations, the Court must accept as true, for the purposes of this Motion, Westchester's allegation that Policyholders continue to file claims for actions arising from their "banking services" and from events that occurred after the effective date of their policies. *See Langford,* 235 F.3d at 847. As the Supreme Court recognized in *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,* 300 U.S. 227, 242, 57 S.Ct. 461, 81 L.Ed. 617 (1937), declaratory relief is available to a plaintiff insurance company where it seeks to define its rights and obligations regarding one of its customers. In *Aetna,* the Supreme Court noted that a "dispute relat[ing] to legal rights and obligations arising from the contracts of insurance ... is definite and concrete, not hypothetical or abstract [as] the parties ha[ve] taken adverse positions with respect to their existing obligations." *Id.* In this case, the Court concludes that the dispute as to the applicability of the Court's prior interpretation of the Westchester policy to the new lawsuits brought against Policyholders provides an actual controversy that, at least for the purposes of this Rule 12(b)(6) motion, requires the Court to deny Policyholder's motion to dismiss Counts II and VIII of Westchester's Complaint.

## II. Whether Westchester is Entitled to Dismissal of Counts I, II, V, & VI of The Policyholders' Illinois Action [10]

Recently transferred to the Court and now consolidated with Westchester's declaratory judgment action, is the Illinois Action. (D.I.1). In their Complaint in the Illinois Action (the "Policyholders' Complaint"), Policyholders allege six counts of

---

**10.** The Docket Item numbers in this section relate to the action transferred from the Northern District of Illinois, 02–1601 JJF, now consolidated under 02–1328 JJF.

common law fraud, statutory fraud and unjust enrichment from Westchester's sale of the Beneficial and Household policies.[11] These six counts are: 1) Fraud in the Sale of the Beneficial Policy; 2) Fraud in the Sale of the Household Policies; 3) Unjust Enrichment in the Sale of the Beneficial Policy; 4) Unjust Enrichment in the Sale of the Household Policies; 5) Violation of the New Jersey Consumer Fraud Act; and 6) Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. (D.I.1). In response, Westchester filed a Motion to Dismiss Counts I, II, V, and VI pursuant to Rule 12(b)(6) and Counts I and II pursuant to Rule 9(b). (D.I.23). The Court will separately discuss the applicability of each Rule.[12]

A. *Whether Westchester Is Entitled to Dismissal of Counts I and II of the Policyholders' Complaint Pursuant to Rule 12(b)(6)*

By its Motion, Westchester seeks to dismiss Counts I and II of the Policyholders' Complaint. Specifically, Westchester contends that the Policyholders cannot establish an actionable misrepresentation or omission.

■ The elements of fraud in New Jersey and Illinois are relatively similar. Both states require a plaintiff to demonstrate that a defendant 1) made a material misrepresentation or omission of fact; 2) knew the misrepresentation was false or the omission to be material; 3) intended the plaintiff to rely on the misrepresentation or omission; and 4) the plaintiff did in fact rely on the misrepresentation or omission to its injury. *See Zorba Contractors,*

*Inc. v. Housing Authority, City of Newark,* 362 N.J.Super. 124, 827 A.2d 313, 322 (2003); *Wright v. Chicago Title Ins. Co.,* 196 Ill.App.3d 920, 143 Ill.Dec. 576, 554 N.E.2d 511, 514 (1990).

■ Examining the Policyholders' allegations in light of these elements and the standards under Rule 12(b)(6), the Court concludes that Policyholders have alleged sufficient facts to survive a Rule 12(b)(6) motion to dismiss. Policyholders have alleged that Westchester "at least tacitly" represented that their policies had value far beyond their actual worth. Policyholders also allege that Westchester intended Policyholders to rely on its tacit misrepresentations, and that Policyholders did in fact so rely. (D.I.1). In the Court's view, these allegations are sufficient to withstand dismissal.

■ Westchester contends that Policyholders' allegations do not point to any specific false representations, and further, that they "cannot exist as a matter of law" because of the Court's decision in the 1998 Action. (D.I.24). The Court disagrees with these arguments. Whether or not Policyholders can actually prove the existence of tacit material misrepresentations is not a proper inquiry at this stage of the proceedings. Both New Jersey and Illinois recognize that tacit misrepresentations may be the basis for an act of fraud. *See Karo Marketing Corp., Inc. v. Playdrome America,* 331 N.J.Super. 430, 752 A.2d 341, 346 (2000) ("It is not necessary for plaintiff to show a classic case of legal fraud in order to have a viable cause of action when it is otherwise demonstrated that actions have been taken for the pur-

---

11. There is no dispute between the parties that Illinois law governs the Household policies, while New Jersey law governs the Beneficial policies.

12. In its Motion, Westchester also moved to dismiss Counts III and IV. However, Westchester does not discuss these Counts in its briefing. Accordingly, the Court will deny Westchester's Motion to Dismiss Counts III and IV.

pose of defrauding a creditor"); *Glazewski v. Coronet Ins. Co.,* 108 Ill.2d 243, 91 Ill. Dec. 628, 483 N.E.2d 1263 (1985) (recognizing the existence of tacit misrepresentation as a basis for a fraud action).

Although the court in *Glazewski* recognized that tacit misrepresentations can form the basis for a fraud action, Westchester tries to distinguish the circumstances in *Glazewski* from the circumstances in this case. In *Glazewski,* the plaintiff was a motorist who alleged that the insurance policy he purchased had no value. *Glazewski,* 91 Ill.Dec. 628, 483 N.E.2d at 1265. Faced with a motion to dismiss the plaintiff's complaint for failure to state a claim, the Illinois Supreme Court stated that the mere issuance of an insurance policy is a tacit representation that it has value. Accordingly, the Illinois Supreme Court held that the plaintiff alleged a material misrepresentation and therefore stated a viable fraud claim.

Westchester contends that the Policyholders make the same allegations as the plaintiff in *Glazewski,* but unlike *Glazewski,* the Court in this case has already determined in the 1998 Action that the Beneficial policy was not worthless. Consequently, Westchester argues that Policyholders' fraud count cannot rely on the tacit representation from the policy's issuance, as the plaintiff did in *Glazewski,* and therefore, argues that Policyholders fail to state a claim for which the Court can grant relief.

Although Westchester makes a persuasive argument, the Court finds that the Policyholders made multiple allegations of tacit misrepresentation in their Complaint sufficient to state a claim of fraud. Specifically, Policyholders contend that while the policy had some value, that value was "not commensurate [with] the substantial premium payment Westchester exacted in return." (D.I.1). These allegations demonstrate tacit misrepresentations. Further, these allegations distinguish the Policyholders from the plaintiff in *Glazewski,* who the Illinois Supreme Court described as having "alleged only that the coverage was worthless." *Id.* Accordingly, the Court concludes that Policyholders have adequately pled facts supporting their allegations of fraud, and therefore, the Court will deny Westchester's Motion to Dismiss Counts I and II of the Policyholders' Complaint under Rule 12(b)(6).[13]

### B. Whether Westchester is Entitled to Dismissal of Counts V & VI of Policyholders' Complaint

Counts V and VI of the Policyholders' Complaint allege violations of the New Jersey Consumer Fraud Act ("New Jersey Act"), N.J. Stat. Ann. § 56.8–2, and Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois Act"), Ill. Comp. Stat. 505/2. Generally, the New Jersey and Illinois Acts prohibit the use of deception, misrepresentation, or fraud in commercial relations and transactions. *See* N.J. Stat. Ann. § 56.8–2; Ill. Comp. Stat. 505/2. Policyholders contend that Westchester committed "unconscionable commercial" and "unfair and deceptive" practices in violation of the Illinois and New Jersey Acts by issuing the policies to Policyholders.

In seeking to dismiss these claims, Westchester contends that the Policyholders' claims are not related to unconscionable or unfair commercial practices, but instead to a lack of coverage under their policies. Therefore, Westchester argues

---

**13.** Moreover, the Court finds that Westchester's contentions regarding Policyholders' reliance on its representations are merely restatements of its *res judicata* arguments that the Court has already rejected.

that the Court has already ruled on the scope of coverage in the 1998 Action and should dismiss these additional claims.

■■■ Under the Rule 12(b)(6) standard, the Court concludes that Policyholders have sufficiently alleged facts demonstrating the existence of violations of the New Jersey and Illinois Acts. *See* Fed.R.Civ.P. 12(b)(6); *Langford*, 235 F.3d at 847. In their Complaint, (D.I.1), Policyholders allege that Westchester committed tacit misrepresentation, fraud, unconscionable commercial practices, and unfair and deceptive acts in violation of the Illinois and New Jersey Acts. Policyholders allege that these acts led to substantial losses in premium payments and expenses in bringing the instant action. The Court concludes that these allegations are sufficient to preclude the Court from dismissing Counts V and VI.

Further, Westchester's basic argument in support of dismissal of these claims is that Policyholders have done nothing more than disguise Beneficial's claims from the 1998 Action with allegations of deceptive practices. The Court has already determined that *res judicata* does not bar the Policyholders' fraud claims, and therefore, *res judicata* is not a basis to dismiss these properly pled claims. Accordingly, the Court will deny Westchester's Motion to Dismiss Counts V and VI of Westchester's Complaint under Rule 12(b)(6).

C. *Whether Westchester is Entitled to Dismissal of Count I & II of Policyholders' Complaint for Failure to Plead With Particularity (Rule 9(b))*

■■■ Westchester next contends that the Court should dismiss Counts I and II of Policyholders' Complaint because they do not satisfy Rule 9(b)'s particularity requirement for allegations of fraud. (D.I.24). As noted above, Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity." Malice, intent, knowledge, and other condition of mind of a person may be averred generally. Fed.R.Civ.P. 9(b). Applying the requirements of Rule 9(b) in this case, the Court concludes that the Policyholders have satisfied Rule 9(b)'s pleading requirements.

In their Complaint, Policyholders allege that when Westchester issued policies to them it was aware of the "nature" of the Policyholders' business thereby making it aware of the coverage Policyholders sought to acquire. (D.I.1). Further, Policyholders allege that Westchester represented, in selling the policies and in receiving a substantial premium, that the policies would protect Policyholders from lawsuits arising from its "core business function[s]" (D.I.1) and that the failure of the policies to protect Policyholders led to their injury. The Court concludes that these allegations do not fall short of Rule 9(b)'s specificity requirements. Instead, the Policyholders' Complaint demonstrates that they have "investigated ... the alleged fraud" and that they "reasonably believe[ ] that a wrong has occurred." *In re ML–Lee Acquisition Fund II, L.P.*, 848 F.Supp. at 555 (citation omitted). Accordingly, the Court will deny Westchester's motion to dismiss Counts I and II of the Policyholders' Complaint pursuant to Rule 9(b).

### CONCLUSION

For the reasons discussed, the Court granted Policyholders' Motion To Dismiss Count I of Westchester's Complaint (D.I. 31 in 02–1328) and denied Policyholders' Motion To Dismiss Counts II and VIII of Westchester's Complaint by Order dated September 30th, 2003. (D.I. 31 in 02–1328). In addition, by the September

30th, 2003, Order, the Court denied West-chester's Motion To Dismiss Policyholders' Complaint (D.I. 23 in 02–1601) pursuant to Rule 12(b)(6) and Rule 9(b).